UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN O'CONNOR,

        Plaintiff,

CASE No. 1:18-CV-977

v.

HON. ROBERT J. JONKER

DAVID LEACH,

        Defendant.

_____/

## ORDER APPROVING AND ADOPTING REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Green's Report and Recommendation in this matter (ECF No. 15) and Plaintiff's Objection to it. (ECF No. 28).[1] Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 451 (3d ed. 2014). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

---

[1] The Court ordered a previous Judgment in this matter to be vacated after it was determined Plaintiff had not received a copy of the Report and Recommendation. (ECF No. 25). After a subsequent remailing was returned to the Court (ECF No. 26) a copy of the Report and Recommendation was sent again on April 24, 2020 and the Court gave Plaintiff fourteen days from that date within which to file Objections. (ECF No. 27). Plaintiff's Objections were dated April 28, 2020 and are timely filed. (ECF No. 28).

FED R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Plaintiff's Objection. After its review, the Court finds that Magistrate Judge Green's Report and Recommendation is factually sound and legally correct.

In his objections to his First Amendment claim,[2] Plaintiff primarily contends that the authority relied upon by the defense and the Magistrate Judge is distinguishable because it dealt with situations where an individual already on an approved diet had purchased items from the commissary inconsistent with that diet. Plaintiff avers this is different from his situation, where the kosher diet had not yet been approved. Plaintiff's Objection contains nothing that undermines the validity of the Report and Recommendation, and he fails to deal in a meaningful way with the Magistrate Judge's analysis.

To be sure, *Berryman v. Gransholm,* 343 F. App'x 1 (6th Cir. 2009), did deal with a prisoner who had already been receiving an approved religious diet. But Plaintiff fails to persuasively distinguish this authority. Plaintiff does not dispute that he purchased eleven non-kosher items after requesting his religious designation be changed. These items, furthermore, were voluntarily purchased at the commissary. This is not a case, then, where prison officers relied on the plaintiff's diet before the plaintiff changed his religious designation, or relied on the prisoner's consumption of a standard meal. Choosing to purchase eleven items of non-kosher food from the commissary at the same time you seek a kosher diet is fundamentally inconsistent. And to the extent Plaintiff contends he only purchased those items in order to cobble together a

---

[2] Plaintiff's Complaint stated only that he was requesting relief to be "placed on the Religious Diet Line." (ECF No. 1). His response to the defense's motion for summary judgment also mentioned RLUIPA, and the Magistrate Judge gave Plaintiff the benefit of the doubt by evaluating both a constitutional and statutory claim based on the alleged denial of a religious diet.

kosher diet by trading with other inmates, this does not change the analysis under *Turner* and *Berryman*. *See Berryman*, 343 F. App'x at 6. The Court agrees with the Magistrate Judge that there is no triable issue on Plaintiff's First Amendment claim. Under *Turner*, the defense has shown a valid, rational connection between the denial of Plaintiff's dietary request and the legitimate governmental interest to justify that denial.

Plaintiff's objections with respect to RLUIPA similarly fail. The Magistrate Judge is hardly the only one to have observed that cases where a substantial burden has been found involve a permanent prohibition. *See Bonnell v. Burnett*, No. 2:07-cv-15444, 2011 WL 4534386, at *21 n.20 (E.D. Mich. Aug. 10, 2011) (Komives, M.J.) (collecting cases); *see also Ketzner v. Williams*, No. 4:06-CV-73, 2008 WL 4534020, at *26 (W.D. Mich. Sept. 30, 2008) (Bell, J.) (adopting Report and Recommendation of Magistrate Judge Scoville which found a temporary removal from kosher meal program did not violate statutory rights under RLUIPA); *Perreault v. Michigan Department of Corrections*, No. 1:16-cv-1447, 2018 WL 36403356, at *4 (W.D. Mich. Aug. 1, 2018) (Carmody, M.J.); *Berryman v. Granholm*, No. CIV.A.06-CV-11010-DT, 2007 WL 2259334, at *3 (E.D. Mich. Aug. 3, 2007) (Friedman, C.J.), *aff'd on other grounds*, 343 F. App'x 1 (6th Cir. 2009). Plaintiff's contention that his prohibition is de facto permanent because under the Magistrate Judge's logic Plaintiff could never have been approved for the kosher diet line because he is forced to eat in the main kitchen is unpersuasive. For one thing, the Magistrate Judge is not the decisionmaker on whether Plaintiff will be approved for a religious diet. Moreover, the Magistrate Judge based his decision on Plaintiff's voluntary purchases of non-kosher food at the commissary, not Plaintiff's consumption of meals from the main kitchen. And the policy directive plainly provides for opportunities to renew religious diet requests that had

3

previously been denied. MDOC Policy Directive 5.03.150(PP). The Court agrees with the Magistrate Judge there is no genuine issue of material fact to bring to trial on whether Plaintiff's ability to exercise his religion has been substantially burdened.

## CONCLUSION

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 15) is approved and adopted as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (ECF No. 9) is **GRANTED.**

The Court discerns no good-faith basis for appeal of this matter. *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

This case is **DISMISSED.**


Dated:   May 6, 2020                   /s/ Robert J. Jonker
                                       ROBERT J. JONKER
                                       CHIEF UNITED STATES DISTRICT JUDGE